UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>      Defendants. | Case No. 3:24-cv-05737-LK<br><br>ORDER TO SHOW CAUSE |

  The District Court has referred Plaintiff Christopher Briggs' pending Application to Proceed In Forma Pauperis ("IFP") (Dkt. 1) and proposed Complaint (Dkt. 1-1) to United States Magistrate Judge Theresa L. Fricke pursuant to Amended General Order 11-22.

  On September 3, 2024, Plaintiff filed an Application to Proceed IFP, requesting that his complaint should be filed without paying the filing fee for a civil case. *See* Dkt. 1. The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963).

  The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this proposed Complaint pro se, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed Complaint,

ORDER TO SHOW CAUSE - 1

Plaintiff names the United States Department of Social and Health Services ("DSHS") and Scott Garrett, an account manager, as Defendants. He alleges when he calls Medicare for information, he is told to contact his liaison. He states Medicare is refusing to give him information over the phone. Dkt. 1-1.

There is not a viable claim in the proposed Complaint at this time. The Court, therefore is deferring a ruling on Plaintiff's IFP motion at this time, and orders Plaintiff to either (1) submit a brief to the Court (show cause) describing why the proposed Complaint should not be dismissed, or (2) file an amended complaint. Either the brief, or the amended complaint, must be filed by Plaintiff on or before February 7, 2025.

## DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

ORDER TO SHOW CAUSE - 2

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, in the proposed Complaint, Plaintiff simply states Medicare will not give him information over the phone. Dkt. 1-1. He does not make factual allegations against the named defendants, DSHS or Mr. Garrett. Plaintiff also does not state which federal law(s) Defendants have allegedly violated.

In sum, the proposed Complaint does not comply with Fed. R. Civ. P. 8 because the proposed Complaint does not state the nature of his claim sufficiently to show what happened, when it happened, who was involved, and how those acts violated his rights. Therefore, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the defendant-unlawfully-harmed-me accusation"); see also *Twombly*, 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an

ORDER TO SHOW CAUSE - 3

1  opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66
2  F.3d 245, 248 (9th Cir.1995).
3       At this time, the Court finds Plaintiff should be afforded an opportunity to amend
4  his proposed Complaint to attempt to cure the deficiencies. The amended complaint
5  must include a short, plain statement clearly stating the factual allegations supporting
6  his claims and provide clarity regarding what claims he is attempting to bring in this
7  lawsuit.
8       Plaintiff's proposed amended complaint, if any, should be filed on or before
9  February 7, 2025. Based upon the above analysis of the deficiencies in the proposed
10 Complaint, the Court finds it appropriate to re-note Plaintiff's Application to Proceed IFP
11 (Dkt. 1) to February 7, 2025.

## CONCLUSION

13 Accordingly, it is hereby ORDERED that:

14 - Plaintiff's Application to Proceed IFP (Dkt. 1) is re-noted to February 7,
15   2025; and
16 - Plaintiff's brief addressing the deficiencies of the proposed Complaint and
17   showing cause why it should not be dismissed, or Plaintiff's proposed
18   amended complaint, if any -- is due on or before February 7, 2025

19 //
20 //
21 //
22 //

ORDER TO SHOW CAUSE - 4

Failure to either file a proposed amended complaint, or to respond to this Order with a brief that addresses ("show cause") why the proposed Complaint should not be dismissed, will result in the undersigned recommending dismissal of this matter without prejudice.

Dated this 8th day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5