UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>               Plaintiff,<br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES AND SCOTT GARRETT,<br><br>               Defendants. | Case No. 3:24-cv-05737-LK<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 2, 2025 |

This matter comes before the Court on Plaintiff's motion to proceed in forma pauperis (IFP) in regard to his amended proposed complaint. Dkts. 1, 12. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). The Court recommends that Plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

A court should "deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); see also 28 U.S.C. § 1915(e)(2)(B)(i). An in forma pauperis complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of

1   action" are not sufficient. *Id.; Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir.
2   2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence
3   of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police*
4   *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

5       Here, Plaintiff has not provided sufficient facts to support a claim for relief. Mr.
6   Briggs alleges that the Department of Health and Human Services (DHHS) and Scott
7   Garrett, his "account manager," violated Health Insurance Portability and Accountability
8   Act (HIPAA) when DHHS would not provide him with his personal health information
9   when he called inquiring about his Medicare information.

10      The HIPAA statute does not include a private right of action. *Webb v. Smart*
11  *Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). HIPAA was intended "
12  'to recogniz[e] the importance of protecting the privacy of health information in the midst
13  of the rapid evolution of health information systems.' " *Id.* at 1084 (quoting *S.C. Med.*
14  *Ass'n v. Thompson*, 327 F.3d 346, 348 (4th Cir. 2003)). Plaintiff does not allege any
15  other claims besides his claim under HIPPA.

16      Unless it is absolutely clear that no amendment can cure the defect, a pro se
17  litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend
18  prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.
19  1995). In this case, Plaintiff has already filed an amended complaint and has failed to
20  articulate any cognizable legal claims against Defendant. Because the HIPPA statute
21  does not provide a private right of action, any attempt by Plaintiff to amend the
22  proposed complaint would be futile. As such, the Court should deny leave to amend the
23  complaint.

24
25

CONCLUSION

For the reasons discussed above, the Court recommends that Plaintiff's motion to proceed IFP be denied and this matter be dismissed without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 2, 2025, as noted in the caption.

Dated this 18th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR APRIL 2, 2025 - 4