UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>                Plaintiff,<br>   v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES et al.,<br><br>                Defendants. | CASE NO. 3:24-cv-05737-LK<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 13. Judge Fricke recommends that Plaintiff Christopher Briggs's motion to proceed *in forma pauperis* be denied and this case dismissed without prejudice. *Id.* at 4. For the reasons explained below, the Court adopts the R&R in part and modifies it in part.

Mr. Briggs, who is proceeding pro se, filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint on September 3, 2024. Dkt. Nos. 1, 1-1. Judge Fricke deferred ruling on the IFP application and ordered Mr. Briggs to either show cause why the complaint

should not be dismissed for failing to state a viable claim or amend his complaint. Dkt. No. 11 at 2. Mr. Briggs timely filed a proposed amended complaint. Dkt. No. 12. After reviewing his amended complaint, Judge Fricke determined that it still failed to state a viable claim, and recommended that it be dismissed without prejudice and the IFP application denied. Dkt. No. 13 at 3–4.

As the R&R describes, Mr. Briggs's amended complaint "alleges that the Department of Health and Human Services (DHHS) and Scott Garrett, his 'account manager,' violated [the] Health Insurance Portability and Accountability Act (HIPAA) when DHHS would not provide him with his personal health information when he called inquiring about his Medicare information." *Id.* at 4; Dkt. No. 12 at 5. Judge Fricke recommends dismissal because HIPAA does not provide a private right of action and Mr. Briggs asserts no other claims. Dkt. No. 13 at 4. Because of this, Judge Fricke also recommends that the Court deny leave to amend. *Id.*

Mr. Briggs did not object to the R&R, but he did file another amended complaint. Dkt. No. 14. The applicable rules did not permit Mr. Briggs to amend his complaint again; the time has long since passed for Mr. Briggs to amend his complaint as a matter of course, *see* Fed. R. Civ. P. 15(a), and he was not granted leave to amend a second time. Even so, this proposed second amended complaint does not fare much better. The allegations are substantively similar to those in the first amended complaint, except the most recent complaint omits the reference to HIPAA and adds a reference to the ADA (the Americans with Disabilities Act). *Compare* Dkt. No. 12 at 5, *with* Dkt. No. 14 at 5.

Taking these modifications in order, Mr. Briggs cannot fix his claim by omitting the reference to HIPAA. His claim appears to be premised on a section of HIPAA's privacy rule that grants individuals a right to access their protected health information ("PHI") held by covered entities, including Medicare. *See* 45 C.F.R. § 164.524. Simply omitting references to the statute

does not fix the defect Judge Fricke identified (and that this Court agrees with), which is that there is no private right of action to enforce HIPAA. *See also Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Mr. Briggs's remedy lies in the administrative process; he can file an administrative complaint with the Office of Civil Rights within the Department of Health and Human Services, which can then investigate and impose penalties or other corrective actions. *See* 45 C.F.R § 160.306. But he cannot proceed with his claim here.[1]

Mr. Briggs's ADA claim has the inverse problem. Simply amending the complaint to add a reference to the statute without adding any factual allegations that might support his failure-to-accommodate claim does not suffice to state a claim. For example, among other defects, Mr. Briggs does not allege that he is disabled or describe the accommodations he requested and was denied. *See generally* Dkt. No. 14. More importantly, the ADA does not apply to federal government agencies or their employees. *See, e.g.*, *Petramala v. United States Dep't of Justice*, 481 F. App'x 395, 396 (9th Cir. 2012) ("the federal government, its agencies, and its officials are either expressly excluded or otherwise exempt" from the ADA).

Thus, for the reasons explained above, the Court adopts the R&R's recommendation dismissing Mr. Briggs's HIPAA right-to-PHI claim. Dkt. No. 13 at 4; Dkt. No. 12 at 5. Because HIPAA lacks a private right of action, and because the ADA does not apply to federal agencies or their employees, no amendment will cure the defect and the Court thus dismisses those claims without leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

For the reasons explained above, the Court ADOPTS and MODIFIES the Report and Recommendation, Dkt. No. 13, as follows:

---

[1] To the extent Mr. Briggs is alleging a constitutional right to obtain his own medical records, Dkt. No. 14 at 3, the Court is unpersuaded. *See, e.g.*, *Rojas v. California Corr. Health Care Servs.*, No. 2:22-CV-01100-DAD-JDP, 2023 WL 3063124, at *1 (E.D. Cal. Apr. 24, 2023) (finding that there is no constitutional right for a patient to see his or her own medical records and collecting cases).

- The Court ADOPTS the R&R's recommendation that Mr. Briggs's right-to-PHI claim under HIPAA be dismissed without leave to amend and his application to proceed IFP be denied.
- The Court MODIFIES the R&R as follows: Mr. Briggs' ADA claim is dismissed without leave to amend.

Finally, because Mr. Briggs did not obtain permission to file his amended complaint, Dkt. No. 14, the Clerk is directed to label that filing as "Proposed."

Dated this 4th day of April, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION - 4